MOORE, DUNCAN & MEERSCHEIDT v. MRS. C. ALSTON.

(No. 3387.)

APPEAL from Gregg County.　Opinion by HURT, J.

OTTO T. LANE, counsel for appellants.

R. B. LEVY and J. S. BLANTON, counsel for appellee.

§ 191. *Appeal bond; sufficient if a substantial compliance with the statute.* The appellant brought suit on a note in justice court. In that court there was a judgment that plaintiffs take nothing, and against them for the costs. They gave notice of appeal, and in due time filed an appeal bond. In the county court their appeal was dismissed, because the appeal bond was not conditioned as required by law. The bond was conditioned that they "shall prosecute their appeal with effect, and shall pay all the costs which have accrued in this court, together with that which may accrue in the county court, should they be cast in this suit." The statute requires that the bond shall be conditioned that the appellant "shall pay off and satisfy the judgment which may be rendered against him. [Art. 1639, R. S.] The only judgment which could be rendered against appellants in the county court, in any event, would be a judgment for the costs of both courts, and this the obligors in the appeal bond have bound themselves to pay. While not in the language of the statute, the bond is, in our opinion, in substantial compliance therewith. It follows that the court below erred in dismissing the appeal, and the judgment is reversed and the cause remanded for trial *de novo* in the county court.

December 19, 1890.　　　Reversed and remanded.